# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS J. RIVERA MAYSONET, | ) | |
| | ) | Civil Action No. 14 – 654 |
| Plaintiff, | ) | |
| | ) | District Judge Arthur J. Schwab |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CORPORATION ENTITY OF CORRECTIONAL INSTUTION GREENE, MR. F. NUNEZ, MR. KORTE, MR. BENNETT, and MR. JIN, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the following reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), Plaintiff's Complaint be dismissed with prejudice as frivolous.

**II. REPORT**

Carlos J. Rivera Maysonet ("Plaintiff") is a prisoner currently confined at the State Correctional Institution at Greene ("SCI-Greene"). He initiated this prisoner civil rights action on May 20, 2014, by submitting for filing a Motion for Leave to Proceed *in forma pauperis*, along with a Complaint titled "Tort Claims Action" and a Brief in Support of his Claims.

Plaintiff alleges several unrelated claims in his Complaint, but in general, he complains about the conditions of his confinement in the segregation and medical units at SCI-Greene, where he claims to have been housed since 2008. First, he alleges that Defendant Nunez has denied him due process in connection with his misconduct hearings, and, therefore, his

1

confinement in segregation is "illegal". Second, he alleges that Defendants Korte and Bennett inventoried his personal property outside of his presence; as such, he was not given the opportunity to "object, appeal and contest the disposition of his property." Third, Plaintiff alleges that, during his confinement in the medical unit, Dr. Jin did not provide him with meals that conformed to his dietary restrictions and that he was also charged $5.00 for a diet that he was not given. Among other things, he claims to have suffered severe psychological harm from confined in segregation for so many years.

Importantly, prior to initiating this case, Plaintiff initiated a case in the Court of Common Pleas of Greene County, Pennsylvania on April 18, 2013, suing the above named Defendants and raising identical claims in a virtually identical complaint. Defendants filed preliminary objections for Plaintiff's failure to state a claim, and, on November 13, 2013, Judge Toothman issued an Order sustaining the preliminary objections and dismissing the complaint with prejudice as to Defendants SCI-Greene, Nunez, Korte and Bennett. Shortly thereafter, Judge Toothman amended the Order dated November 13, 2013, sustaining Dr. Jin's preliminary objections for Plaintiff's failure to state a claim and dismissing the complaint with prejudice as to him as well. Plaintiff filed a motion for reconsideration but was notified by letter dated March 14, 2014 that the motion was not expressly granted by Judge Toothman, and thus had expired.

## III. DISCUSSION

### A. Screening

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly

amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without the prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court has already granted him leave to proceed *in forma pauperis* in this action. Thus, the Court

reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e), and finds that his Complaint must be dismissed as malicious.

   B. Discussion

The claims raised in this case have been or could have been fully litigated in the case Plaintiff filed in the Court of Common Pleas of Greene County. Therefore, they are bared by the doctrine of *res judicata*.

The Full Faith and Credit Clause[1] of the United States Constitution requires the courts of one State to give preclusive effect to the judgments rendered by the courts of another State. Riley v. New York Trust Co., 315 U.S. 343, 348-49 (1942). "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land" and "gains nationwide force." Baker v. General Motors Corp., 522 U.S. 222, 233 (1998). Federal courts are not *constitutionally* required to give preclusive effect to the judgments issued by state tribunals. Kremer v. Chemical Construction Corp., 456 U.S. 461, 483 n.24 (1982) (remarking that federal courts are "not included within the constitutional provision"). However, when a judgment is rendered by a state court, federal courts are *statutorily* required to accord that judgment preclusive effect under 28 U.S.C. § 1738. The applicable statutory language provides that "[t]he Acts of legislature of any State, Territory, or Possession of the United States . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. "This statute has long been understood to

---

[1] "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. CONST., Art. IV, § 1.

encompass the doctrines of *res judicata*, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 (2005). A federal court must give a judgment issued by a state court the same preclusive effect that it would be accorded in the courts of the relevant state. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986).

When federal courts are called upon to give preclusive effect to prior state court judgments, the governing law in such cases is the state law of preclusion from the state of the prior state court judgment. *See* 28 U.S.C. § 1738 (full faith and credit statute); Marrese v. America Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) ("The statute [*i.e.*, Section 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered. 'It has long been established that § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.'"); Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) (". . . 'it is fundamental that the *res judicata* effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.'"). As such, federal law directs this Court to look to Pennsylvania state law in determining the requirements and effects of the doctrine of *res judicata*.

1. Final Judgment

Courts, including Pennsylvania state courts, have included in the description of *res judicata* a requirement that the earlier case have resulted in a "final judgment on the merits." *See*, *e.g.*, Knouse v. W.C.A.B. (G.O.D. Inc.), 886 A.2d 329, 335 n.10 (Pa. Cmwlth. 2005) ("*res judicata* provides that, when a final judgment on the merits exists, a future suit between the

5

parties on the same cause of action is precluded."). However, a "final judgment on the merits" is not an inflexible requirement. Bearoff v. Bearoff Brothers, Inc., 327 A.2d 72, 75 (Pa. 1974) ("While the general rule for either collateral estoppel or *res judicata* to apply is that a final and valid judgment must have been entered, . . . this rule is not without exception.") (citing Kannel v. Kennedy, 94 F.2d 487, 488 (3d Cir. 1937), which held that "[i]t is the general rule that the doctrine of *res judicata* does not apply in the absence of a final judgment. There are exceptions, however, to this rule."). Moreover, even where the requirement for "a valid final judgment on the merits" is applicable, what a "final judgment on the merits" means is very broad in Pennsylvania for purposes of applying *res judicata*. General Accident Fire & Life Assurance Corp. v. Flamini, 445 A.2d 770, 772 (Pa. Super. 1982) ("Pennsylvania law takes a broad view on what constitutes a 'final judgment' for purposes of *res judicata*.").

For purposes of the instant case, the Greene County Court of Common Pleas' Order dismissing Plaintiff's Complaint with prejudice constitutes a "final judgment" for purposes of *res judicata*. *See* Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) (A dismissal that is specifically rendered "with prejudice" qualifies as an adjudication on the merits and thus carries preclusive effect). *See also* Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002) (A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim).

2. Applicability of *res judicata* doctrine

Next, the Court must consider the applicability of the *res judicata* doctrine to the case at bar. In order for the doctrine of *res judicata* to apply under Pennsylvania law, the two actions must share the following four conditions: "(1) the thing sued upon or for; (2) the cause of action;

(3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 548 (3d Cir. 2006) (citing Bearoff, 327 A.2d 72 (1974)).  While these four prongs are to be analyzed, the courts of Pennsylvania have cautioned against giving them a too literal interpretation.  *See*, *e.g.*, Radakovich v. Radakovich, 846 A.2d 709, 715 (Pa. Super. 2004) ("The purpose behind the doctrine, which bars the re-litigation of issues that either were raised or could have been raised in the prior proceedings, are to conserve limited judicial resources, establish certainty and respect for court judgments . . . .  In keeping with these purposes, the doctrine must be liberally construed and applied without technical restriction.").  In accord with the purpose of the doctrine, the Court considers the four prongs.

The first prong, described as the "identity of the thing sued upon" or "identity of subject matter,"[2] is met here as the "thing sued for" in both the Greene County lawsuit and the present lawsuit are the same.  *See*, *e.g.*, Gregory v. Chehi, 843 F.2d 111, 116-17 (3d Cir. 1988) ("Isolating the alleged wrongful act is critical to the first requirement [of *res judicata*] – identity of subject matter.  In this case, a single event, the November 1, 1985 discharge, gave rise to both state and federal actions.  Because that same occurrence underlies both suits, the first prerequisite of claim preclusion is met."); O'Brien v. Valley Forge Specialized Educational, No. 03-3984, 2004 U.S. Dist. LEXIS 20655, 2004 WL 2316425, at *8 (E.D. Pa. Oct. 13, 2004) ("When the 'same occurrence underlies both suits,' this requirement [of identity of the thing sued upon] is met."); Jett v. Beech Interplex, Inc., No. 02-9131, 2004 U.S. Dist. LEXIS 13352, 2004 WL 1588230, at *3 (E.D. Pa. July 15, 2004) ("The first factor for this Court to consider is the

---

[2] In re Estate of Tower, 343 A.2d 671, 674 (Pa. 1975) (describing the first prong as "identity of the thing or subject matter sued for").

similarity of the thing sued upon in both Jett I and Jett II. In this case, the operative facts and the subject matter of this action are identical to the prior State Court proceedings . . . . Thus, this Court concludes that the first element of the *res judicata* doctrine is satisfied.") (citations omitted); RegScan, Inc. v. Brewer, No. 04-6043, 2006 U.S. Dist. LEXIS 6412, 2006 WL 401852, at *7 (E.D. Pa. Feb. 17, 2006) ("in comparing the 'thing sued upon' in the state and federal actions, the Court concludes that based on all of the above, the operative facts and the subject matter are closely aligned, and the first element of the *res judicata* doctrine is satisfied.").[3] Here, the Defendants' alleged wrongful acts underlying both suits are identical. Therefore, the first prong is satisfied.

Second, in explaining the "identity of the cause of action", the Court of Appeals for the Third Circuit, applying *res judicata* to a prior Pennsylvania state court decision, as this Court is now, held that "*res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." Davis v. United States Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982); *see also* Greenberg v. Potomac Health Sys., 869 F. Supp. 328, 331 (E.D. Pa. 1994) ("Whether a cause of action is the same depends on the 'essential similarity of the underlying events,' rather than on the specific legal theories invoked.'"); McArdle v. Tonetti, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993) ("As to the identity of cause[s] of action, rather than resting upon the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims."). Here, the underlying events giving rise to Plaintiff's various legal claims in this case are identical

---

[3] All of the preceding federal cases cited in this section, addressing the "identity of issues," were construing the Pennsylvania law of *res judicata*.

8

to those in his Greene County case. In fact, Plaintiff has not even advanced any new or different legal theories in the instant case. His Complaints in both actions are nearly identical.

Nevertheless, even if Plaintiff had advanced different or new legal theories, such introduction would not create separate causes of action with respect to the Defendants he named in both cases because the new claims are based on the same set of facts. *See* Turner, 449 F.3d at 550 (citing Balent v. City of Wilkes-Barre, 669 A.2d 309, 315 (Pa. 1995)). Application of *res judicata* bars the claims in this action. Id. (citing Restatement (Second) of Judgments § 25, cmt. E (1982)); *see also* Smith v. Morgan, 75 F. App'x 505, 506 (6th Cir. 2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."); L-Tec Electronics Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir. 1999) (*per curiam*) ("The doctrine of *res judicata*, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits."). Hence, this prong is satisfied.

Third, Plaintiff named the following Defendants in his Greene County case: SCI-Greene, Nunez, Korte, and Bennett. Plaintiff later amended his complaint in that action to name Dr. Jin. Plaintiff names the same five Defendants in this action. Hence, the "identity of the parties" prong is satisfied here.

Finally, Plaintiff has sued the Defendants in the same capacities as he did in the Greene County case. Hence, the "capacity of the parties" prong is satisfied here as well.

The four prongs establishing *res judicata* are satisfied in this case and therefore Plaintiff's Complaint should be dismissed with prejudice as frivolous under 28 U.S.C. §

9

1915(e)(2)(B)(i). *See* Pearsall v. Phillips, 839 F. Supp. 11, 13 (E.D.N.C. 1993), *aff'd* 1 F.3d 1234 (4th Cir. 1993) (unpublished table decision); Gimenez v. Morgan Stanley DW, Inc., No. 06-2762, 2006 U.S. Dist. LEXIS 27328 (D.N.J. May 9, 2006) (dismissing action under the doctrine of res judicata as frivolous); Nole v. Deramus, No. 91-4601, 1991 U.S. Dist. LEXIS 10890 (E.D. Pa. Aug. 2, 1991) (same).

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), Plaintiff's Complaint be dismissed with prejudice as frivolous.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  August 6, 2014.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  Carlos J. Rivera Maysonet
 EL 5143
 SCI Greene
 Waynesburg, PA  15370
 *(Via First Class Mail)*